ATTACHMENT "A"

UNITED STATES DISTRICT COURT
SIXTH CIRCUIT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joseph J. Pirosko III
                Movant

v

United States of America
                Respondent

Case No.: 5:12-CR-327

Judge Christopher Boyko

MEMORANDUM OF CASE LAW
IN SUPPORT OF MOVANT'S
FED.R.CIV.P. RULE 59(e) MOTION
REGARDING MOVANT'S 28
U.S.C. 2255 MOTION

I, Joseph J. Pirosko III, hereafter referred to as Movant, submits this Memorandum of Case Law and Argument in Support of his Fed.R.Civ.P. Rule 59(e) Motion, to Alter or Amend the Judgement (Docket # 123) made pursuant to Fed.R.Civ.P. 59(e)

### Plaintiff is Appearing Pro-Se

Movant is appearing before this Court Pro-Se and prays that this Court will consider this Pro-Se Motion - liberally - and to raise the strongest possible arguments; See: Haines v Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### Law and Analysis

#### (1)

Movant will reply first to the Court's Opinion in regards to Movant's Ground Two. That Ground reads; "[The] Search Warrant was invalid as it violated the Fourth Amendment, 18 U.S.C. § 2510-2522, 18 U.S.C. § 2701-2712 and 47 U.S.C. § 222. Movant was, Un-Constitutionally 'TRACKED' in his movements and physical Geo-Location and [that] the supporting affidavits

contained false, erroneous and/or mis-leading information".

(2)

The FACT that Movant was "Tracked", via "Electronic" means, without a Search Warrant is NOT IN DISPUTE. Neither the government, or This Court have even attempted to say so. In fact, as shown above, in This Court's Opinion it is simply stated same - as a given fact.

(3)

Movant avers it is Un-Constitutional for him to WAIVE certain Constitutional claims such as his Sixth Amendment right to Effective Counsel. Movant's Fourth Amendment Claim may not have been, expressly, a preserved part of Movant's Plea Deal; HOWEVER any alleged waiver of said Fourth Amendment Right(s) was in error BECAUSE Movant's In-Effective Assistance, bad advice, errors and/or omissions. That fact is highlighted with numerous, detailed and specific examples which are all documented, again, SPECIFICALLY, to demonstrate that those errors and/or omissions DO indeed meet the Strickland test for In-Effective Assistance of Counsel. A Violation of the Sixth Amendment.

## Carpenter/Jones/Kyllo/Katz/Smith/Riley
### Applicability to Pirosko

(1)

ALL of the cases discussed herein have already been discussed, in great detail, in Movant's Memorandum of Case Law in Support and in his Rule 15(c) Supplement already provided to This Court. However, it should be noted that This Court did not consider Carpenter, at all (as it was never mentioned or refereed to in that This Court's most recent decision) which, in and of itself, was blantant Reversible Error.

The following comments are NOT Movant's. These are the WORDS of the Supreme Court (except when otherwise indicated or when commented on by Movant

2

which will be contained within Parenthesis) in it's Decision in Carpenter.

To quote the Supreme Court; "The Government's acquisition of Carpenter's cell-site records (as Movant's wireless carrier records were acquired in the case at bar) was a Fourth Amendment search.

(2)

The Fourth Amendment protects not only property interests but certain expectations of privacy as well, Katz v United States, 389 U.S. 347, 351 (1967). Thus, when an individual 'seeks to preserve something as private', and his expectation of privacy is 'one that society is prepared to recognize as reasonable', official intrusion into that sphere generally qualifies as a search and requires a warrant supported by probable cause, Smith v Maryland, 442 U.S. 735, 740 (1979)(internal quotation marks and alterations omitted). The analysis regarding which expectations of privacy are entitled to protection is formed by historical understandings of 'what was deemed an unreasonable search and seizure when [the Fourth Amendment] was adopted', Carroll v United States, 267 U.S. 132, 149 (1925). These Founding (Father's)-era understandings continue to inform this Court when applying the Fourth Amendment to INNOVATIONS IN SURVEILLANCE TOOLS (emphasis added). See; e.g., Kyllo v United States, 533 U.S. 27, (2001).

(3)

The digital data at issue (as in Movant's case) [regards the] person[al] LOCATION information maintained by a third party, does not fit neatly under existing precedents but lies at the intersection of two lines of cases (as argued extensively in Movant's Section 2255 Motions and papers). One set address a person's expectation of privacy IN HIS PHYSICAL LOCATION AND MOVEMENTS (emphasis added). See: e.g., United States v Jones, 565 U.S. 400 132, S.Ct. 945, 181 L.Ed.2d 911 (2012)(five Justices concluding that privacy concerns would be raised by GPS "Tracking"). The other line of case that

3

address's a person's expectation of privacy in information voluntarily turned over to third parties.  See; United States v Miller, 425 U.S. 435  48 L.Ed.2d 71 (1976) and Smith, 442 U.S. 735."

(4)

Briefly turning from quoting the Supreme Court's ruling in Carpenter, an expansion of the Supreme Court's findings in Jones is appropriate.  Justice Sotomeyer's Concurrence in Jones states: "the Fourth Amendment is not concerned [only] with trespassery intrusions on property...a Fourth Amendment search occurs when the government violates a subjective Expectation of Privacy...the Fourth Amendment does not turn upon the presence of physical intrusion" (which had been the case in Jones).  Justice Alito's comments are also relevant.  He wrote: "longer term (established as longer than a week in Carpenter) GPS (or CLSI in Carpenter or GUID in Movant's case) monitoring ("Tracking") in investigations of most offenses impinges on expectations of privacy...".  Jones at 964.

(5)

Returning to the Supreme Court's findings in Carpenter: "Tracking a person's past movements through CLSI (GUID in Movant's case) partakes of many of the qualities of GPS monitoring considered in Jones.  It is detailed, encyclopedic, and effortlessly compiled"; (This is EXACTLY as was done in Movant's case according to the governemnt's own (Department of Homeland Security) document, Docket # 53-2, where the Agent admits that "The investigator HAD BEEN TRACKING the individual, later identified as Joseph Pirosko, since March 2012 (Until June 3, 2012).  The investigator FOLLOWED ("Tracked") Pirosko, via Internet law enforcement software (electronic, effortless, detailed monitoring))".

This Court agreed with the same facts in Note 1 of it's Opinion.

(6)

Continuing now with the Supreme Court's findings in Carpenter: "At the same time, however, the fact that the individual continuously reveals his location to his wireless carrier implicates the third-party principle of Smith and Miller.  Given the unique nature of cell-site records (which would apply to the same location data collected by wireless carries for computer users), this Court declines to extend Smith and Miller to cover them." Id. at 10 18.

(7)

Returning to Movant's case for a moment, the FACT that Law Enforcement's failure, in the Case at Bar to acquire a WARRANT or even a Court Order (which Law Enforcement DID get in Carpenter BEFORE contacting wireless carriers for Carpenter's "Historical Data", which revealed his location), AS REQUIRED by the SCA, would STILL be a violation of Movant's rights.  The "Third Party" doctrine would STILL, in Movant's case, NOT be applicable as Law Enforcement FAILED to get the Court Order or Subpoena's ALREADY REQUIRED (a requirement well known to Law Enforcement).  When the Sixth Circuit Court of Appeals ruled in Carpenter that a Warrant was not needed (overturned by the Supreme Court) to acquire "Historical Data" they DID NOT find that a Court Order was NOT required.  Therefore, in Movant's case, Law Enforcement FAILED even the LOWER standard when they failed to get the Court Order or even the required Subpoena, on, at least, FIVE separate occassions.

(8)

The Statutes themselves are clear.   18 U.S.C. § 2703(b)(1)(A) entitled -Required Disclosure of the Customer's Communications OR RECORDS, and 2703(b)(C)(1) - (See: Docket # 102, pgs 25-31 for expansive information) requires the government to obtain a WARRANT to obtain RECORDS concerning electronic communication - INCLUDING usage information that would include location data), IF the customer (Movant) IS NOT notified.  Of course, Movant

was NOT notified. A <u>Court Order</u> is allowed IF the customer IS notified. Again, Law Enforcement FAILED to follow EITHER of these Statutory Requirements in Movant's case. This was already the law. Although MOST other aspects of the ECPA and/or the SCA <u>require</u> a Court Order, law enforcement, obviously, <u>failed to acquire</u> one in the case at bar (See: pages 22-26 of Docket # 102, Movant's Memorandum of Case Law).

(9)

Turning back to the Supreme Court's finding in <u>Carpenter</u>; "A majority of the Court has <u>already</u> recognized (In <u>Jones</u>, etc.) that individuals have a reasonable expectation of privacy <u>in the whole of their physical movement</u>. Allowing government access to (wireless provider's) cell-site records (or, in Movant's case, wireless carriers Internet records) which "hold for many American's the 'privacy of life'; <u>Riley v California</u>, 573 U.S. ___, ___, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014) contravenes that expectation. (It is important here to point out that, in <u>Jones</u>, the Supreme Court has ALREADY tied <u>cell-phones and computers</u> TOGETHER when finding that cell-phones in today's world contain personal information on such a level <u>as to be compared with a computer</u>!) In fact, historical cell-site records (from wireless carries as in Movant's case) present even <u>greater</u> privacy concerns than the GPS monitoring considered in <u>Jones</u>: They give the Government near perfect surveillance and allow it to <u>travel back in time</u> to retrace a person's whereabouts (EXACTLY as was done in Movant's case) subject only to the five year retention policies of most wireless carriers. The Government contends that CSLI data is less precise than GPS information, but it thought the data accurate enough here to highlight it during closing argument in Carpenter's trial. At any rate, the rule the Court adopts 'must <u>take</u> account of more sophisticated systems that are already in use or in development'; <u>Kyllo</u>, 533 U.S. at 36 (EXACTLY what Movant's argument makes) and the accuracy of CLSI is rapidly approaching GPS

6

level percision" Id at 12 15.

(10)

In Movant's case, it is important to remember that the "Electronic""Tracking" was so accurate and specific as to pinpoint Movant's location to a 20x20 ft. room - much MORE accurately than CLSI tracking is capable of.  Before returning to the final applicable comments from the Supreme Court's Carpenter decision, it is important to highlight, again, the Four Factors used in BOTH the Jones and Carpenter's decisions that ALSO apply to Movant's case.  They are:

1) "Tracking" the Geo-Location of a citizen;

2) WITHOUT a Warrant (or even the required Court Order in Movant's case!);

3) "Tracking" via effortless "Electronic" means; and,

4) Over an extended period of time (Four Months in Movant's case).

These FACTS are NOT in contention.  They have never been denied by the government and, unbelievably, This Court itself HIGHLIGHTS the Exact "Factors" in it's Opinion and Order DENYING Movant's Section 2255 Motion.

(11)

Addressing the final, applicable, Supreme Court's Carpenter findings; "The government contends that the third party doctrine governs this case (as discussed above), because cell-site records (as well as wireless internet records), like the records in Smith and Miller, are 'business records', created and maintained by wireless carriers.  But, there is a world of difference between the limited types of personal information addressed in Smith and Miller [because of] the exhaustive chronicle of LOCATION INFORMATION (emphasis added) casually collected by wireless carriers...In mechanically applying the third party doctrine to this case, the Government fails to appreciate the lack of comparable limitations on the revealing nature of CSLI

7

(or computer GUID/IP information)...Cell phone records (and, of course, GUID/IP records) location information is not truly 'shared' as the term is normally understood. First, cell phones and the services they provide (such as web browsing, file sharing, etc., just as computer's do) are 'such a pervasive and insistent part of daily life' that carrying one (using one) is indispensable to participation in modern society, Riley, 573 U.S. at ___. Second, a cell phone logs a cell-site [location] record by dint of it's operation (Exactly the same with a computer's GUID/IP information), without any affirmative act on the user's part beyond powering up, Pp. 15 17 (emphasis added).

The Government did not obtain a Warrant supported by probable cause before acquiring Carpenter's cell-site records (just as Law Enforcement failed to do in Movant's case). It acquired those records pursuant to a Court Order under the [SCA] Stored Communications Act, which required the Government to show 'reasonable grounds' for believing the records were 'relevant and materiel to an on-going investigation (which, in Movant's case, the Government FAILED to do, and has NOT denied failing to do!) [according to] 18 U.S.C. § 2703(d)."

(12)

The facts listed below are NOT, and have NOT, been in dispute.

1) The Supreme Court decisions in; Katz, Kyllo, Jones and, now, in Carpenter make it the Law of the Land that a SEARCH WARRANT is required to "Electronically TRACK" a citizen;

2) The government's OWN documents (Docket # 53-2, DHS Investigator's Report) admit to "Tracking" Movant via "Electronic" means, over an extended period of time;

3) The Government did not request or receive a Search Warrant to "Electronically" "Track" Movant; and,

8

4) Law Enforcement did not request, or receive, ANY Court Order to "Electronically" "Track" Movant and, by failing to do so, failed to follow the requirements in the Statutes (ECPA/SCA) at the time.

(13)

The Fourth Amendment Constitutional Violations in Movant's Case are properly addressed in his Section 2255 Motion and papers. Movant reserved the right to Appeal his Motions to Compel and Suppress (both related to the Fourth Amendment). Also, due to the Sixth Amendment violations resulting from the In-Effectiveness of his Trial Level Counsel (as just ONE example demonstrates; Counsel was In-Effective for FAILING to expressly preserve Movant's Fourth Amendment Rights - in a case where the Fourth Amendment is the Cornerstone of the Defense) ALL of the aforementioned Rights are properly made in Movant's Section 2255 Motion; (See: Kimmelman v Morrison, 477 U.S. 365, 375 91 L.Ed.2d 305 (1986) which found that "failure to litigate a Fourth Amendment claim, competently, can be considered as In-Effective Assistance of Counsel" which IS, of course, properly brought forward in a Section 2255 Motion.

Furthermore, this argument concerning Movant's Constitutional "Right" is NEW Precedent and/or is newly clarified, and thus a recognized right by the Supreme Court (Carpenter), and as such, Collateral Attack, based on the same, IS permitted regardless of ANY arguments to the contrary. This fact is established, with no room for interpretation to the contrary, in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) and, as incorporated in the 28 U.S.C. § 2255 Form itself (paragraph 6, (f)(3)) which reads: "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court" (See: Menza).

(14)

Finally, Movant points to THREE precedent setting Cases dealing with

9

claims that may, somehow, be "procedurally defaulted". FIRST, in Bey v Greene, 2017 BL 1557733 (No. 2863, Third Circuit, May 10, 2017) the Court found that procedurally defaulted claims CAN still be made in Habeous Corpus (Section 2255) collateral appeals IF defendant claims In-Effective Assistance of Counsel. This finding is in keeping with the SECOND case; Martinez v Ryan, 182, L.Ed.2d 272, 566 U.S. 1, 132 S.Ct. 1309 and the THIRD case, that of; Trevino v Thaler, 659 U.S. 413 (2013) which both reinforce the precedent that even if there would be a "procedural default" to a claim, the exception regarding claims of In-Effective Assistance of Counsel - remains. Movant's Fourth Amendment Violations, which were NOT properly attacked at the trial level due to Movant's Counsel's failure/errors/omissions, in violation of the Sixth Amendment, made a quantum change in the potential outcome of the case and; as highlighted by the government itself, denied Movant important avenues for his defense and prejudiced Movant.

### Ground Three - In-Effective Assistance of Counsel

(1)

Provisions of Section 2255 Motions provide that; "...unless the Motion and files and records of the case conclusively show that the prisoner (Movant) is entitled to no relief"; See: Fontaine v United States, 411 U.S. 213, 36 L.Ed.2d 169, 93 S.Ct. 1461 (1973), that relief IS available.

(2)

In Movant's Section 2255 Motion, there were 14 Major Grounds highlighting In-Effective Assistance of Counsel and over 25 specific, Sub-Grounds, many of which have not been addressed by This Court in it's Order or Opinion. Movant asserts, and the facts bear out, that his Section 2255 Motion: "Demonstrates the existence of error(s) of the Constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea" (See: Brecht v Abrahamson, 507 U.S. 619, 637-38 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)),

AND that the facts asserted in Movant's Section 2255 Motion WOULD BE found to be true in a fair and impartial Evidentiary Hearing and will establish the fact that there has been "...a fundamental defect (in the evidence and proceedings) which inherently results in a complete miscarriage of justice or, and error(s) so egregious that it amounts to a violation of Due Process"; See: Watson v United States, 165 F.3d 486, 488 (Sixth Circuit - 1999), (citing Hill v United States, 368 U.S. 424, 428, 7 L.Ed.2d 417, 82 S.Ct. 468 (1962)); accord Grant v United States, 72 F.3d 5003, 506 (Sixth Circuit - 1995).

(3)

It seems apparent that both the government and This Court continue to search for reasons NOT to allow Movant's Section 2255 Motion to move forward, and for there to be a Full and Fair Evidentiary Hearing. Movant understands their reasons to be that by consistently NOT responding to what Movant's actual Constitutional Claims are, the government hides behind Counsel's failures/errors. Failures/Errors/Omissions that are so obvious and egregious, the government themselves had NO difficulty pointing out to This Court when it satisfied THEIR arguments, but which seem to, somehow, NOT be In-Effective or Failures/Errors/Omissions and have NO "merit" when Movant points out the very same In-Effective actions.

(4)

Movant claims, over and over again, in his Section 2255 Motion that his "...counsel's performance was deficient...[and] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment...[and that] the deficient performance prejudiced the defense"; Strickland at 668.

(5)

All Movant has Moved for is the opportunity to prove his claims. Yet,

the government, and This Court, continue to claim, before the evidence can be examined or the truth determined, that Movant has no right to make his claims and, even if he did, his claims have no merit.  It seems apparent that This Court, and the government, are claiming to "Know" the results of judicial proceedings that <u>have</u> <u>never</u> actually taken place.

(6)

To support his claim for an Evidentiary Hearing, Movant points to: <u>Lee v United States</u>, 269 582 U.S. ____, 137 S.Ct. 198 L.Ed.2d 476, (2017), which overturned This Circuit's ruling, when Chief Justice Roberts, writing for the Supreme Court found that: "...we DO NOT ask whether, IF he (Movant) had gone to trial, the result of the trial would have been different than the result of the Plea Bargin...while we ordinarily apply a strong persumption of reliability to judicial proceedings, <u>we</u> <u>can</u> <u>NOT</u> <u>accord</u> <u>any</u> <u>such</u> <u>presumption</u> <u>to</u> <u>judicial</u> <u>proceedings</u> <u>that</u> - <u>NEVER</u> <u>took</u> <u>place</u>...When a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea (exactly what Movant has claimed in the Case at Bar) the <u>defendant</u> <u>can</u> <u>claim</u> <u>prejudice</u> by demonstrating a 'reasonable probability' (Defined in Movant's Memo of Law in Support, Docket # 102, pages 11-12) that, but for counsel's errors (as pointed out <u>by</u> <u>the</u> <u>Government</u> <u>themselves</u>) he would NOT have pleaded guilty...", (Id at 6 Emphasis added).

(7)

Movant asserts, strongly, that the fact that his Section 2255 Claims (in particular, the Fourth Amendment claim) were not adjudicated in his Direct Appeal DOES NOT prevent him from raising Constitutional Violations in his Section 2255 Motion.  Movant points again to <u>Kaufman</u>, S.Ct. (1969) which, very, very clearly, states that; "...where a question as to a <u>Constitutional</u> error is raised in a prisoner's Section 2255 Motion, <u>the</u> <u>fact</u> <u>that</u> <u>his</u> <u>claim</u> <u>was</u> <u>NOT</u> assigned as error <u>on</u> <u>Direct</u> <u>Appeal</u> ... <u>DOES</u> <u>NOT</u> <u>deprive</u> (the right)

... to adjudicate the merits of the claims (in a Section 2255 Motion) ...". (Emphasis added)

(8)

The Case Law precedent is clear. This Court wrote, quoting Strickland at 694, that Movant did not have a "reasonable probability that; but for counsel's unprofessional errors, the result of the proceeding would have been different". What constitutes a "reasonable probability"? Would it not be "reasonable" to accept the possibility that the outcome of the judicial proceedings in Movant's case would or could have been different if Movant's Counsel HAD: 1) moved for a Frank's Hearing, 2) had NOT been jetting off to Cuba to help litigate for Islamic Terrorists, 3) had NOT been distracted by, sadly, a personal contentious divorce proceedings that...(NONE of these Grounds were responded to in This Court's Order or Opinion) perhaps he would have been capable, at the very least, to; 4) FULLY protect the CORNERSTONE of Movant's Defense (Fourth Amendment) for use on Direct Appeal? Instead, Movant's Counsel FAILED to preserve for Appeal the MOST INTEGRAL aspect of his client's Defense.

Is that NOT an error that could "reasonably" make a quantum difference in the outcome of the proceedings, especially now considering the Supreme Court's ruling in Carpenter?

This is EXACTLY what Movant has claimed throughout his Section 2255 Motion, Ground Three.

(9)

As alluded to previously, these facts regarding Movant's In-Effective Assistance of Counsel are NOT, simply, Movant's OPINION. In many instances it was the government itself that, correctly, pointed out the numerous failures/errors/omissions. This Court can review EVERY one of those failures/errors/omissions by simply reviewing the government's own document

(Document # 18) on pages; 8, 22,30,34-36, 45-46 and 64-65.  Most of these government supplied highlights of In-Effective Assistance of Counsel are detailed below. . The government highlighted Failures/Errors/Omissions in the pre-trial, plea deal, and sentencing phases of the proceedings.

For This Court, despite ALL of these detailed examples of In-Effectiveness, taking ALL of the above into account, to write in it's Opinion that Movant's Counsel "engaged in a vigorous defense" (page 8 of This Court's Order AND, once again, verbatim, on Page 7 of the Government's REPLY to Movant's Section 2255 Motion, Docket # 106) is, simply, incredulous.

(10)

So, the questions are: Were there "error(s) of Constitutional Magnitude"; and, Was there In-Effective Assistance of Counsel which affected "Due Process"?

The answers, as provided BY THE GOVERNMENT, are an un-equivocal - YES.

(11)

Although described in detail in Movant's Section 2255 Motion and associated Motions, This Court failed to mention or even respond, at all, in it's Opinion/Order denying such, to the fact that it was the Government, itself, which pointed to the numerous and specific failures by Movant's Defense Counsel in their 'Brief of Plaintiff - Appellee', (Docket # 18).

(12)

One needs only to review the government's Responses regarding Movant's Counsel's - failures or omissions that establish CLEAR deficiencies that were: "prejudicial to the Defense in order to constitute In-Effective Assistance of Counsel" which clearly established and resulted in prejudice to your Movant and demonstrated that: "there is a reasonable probability that, but for counsel's unprofessional errors, the result(s) of the proceeding would have been different"; See: Greer v Mitchell, 264 F.3d 692, 694 (Sixth Circuit

**14**

-2001).

(13)

This is exactly what Movant has, very clearly, claimed throughout the Ground Three portion of his Section 2255 Motion.  How else would one be able to categorize an error of such magnitude as to FAIL to expressly preserve a Constitutional Right for Appeal, especially a Right that was, as This Court pointed out in it's Opinion (page 9), to be the CORNERSTONE of the Defense, i.e. The Fourth Amendment.

(14)

This Court's Opinion regurgitates the EXACT words used in the government's RESPONSE to Movant's Section 2255 Motion (Docket # 106) by finding that Movant's arguments would "fail on the merits" (See: page 7 and 8 of This Court's Opinion).

However, the Supreme Court, in Carpenter (and the numerous other Supreme Court decisions described above) DOES NOT seem to agree.

(15)

So, to now review the numerous failures of Movant's Counsel, AS HIGHLIGHTED BY THE GOVERNMENT ITSELF (which This Court did not address in it's Opinion Denying Movant's Section 2255 Motion, again, without an Evidentiary Hearing), which were first provided in the government's Brief of Plaintiff-Appellee (Docket # 18) in Movant's Direct Appeal and, highlighted and pointed out in Movant's RESPONSE (Docket # 109) to the government's REPLY (Docket # 106), particularly, page 21 and throughout Movant's Section 2255 Motion itself.

(16)

For example:

A) Ground Three (2)

Here, the government itself (Docket # 18, pages 34-36 and page 64) VERY

15

CLEARLY points out Movant's Counsel's Failure to ensure Movant's Fourth Amendment, Warrantless Tracking issue was, specifically, preserved for Direct Appeal.

## B) Ground Three (3)

Here, on pages 8, 22 and 30 of the government's Docket #18 brief, the government itself highlights the FACT that the Motion to Compel (which This Court described as "promptly done"), prepared my Movant's Counsel, FAILED on many points. For example, according to THE GOVERNMENT, the Motion failed to even mention that Movant could (and would), at trial, be able to cross examine government witnesses and/or be able to demonstrate the FACT that NONE of the files of Child Pornography, ALLEGED to have been in Movant's computer were -in fact - there.

## C) Ground Three (4)

This Ground describes that Movant's Counsel failed to EVER make clear or address (in his "prompt" Motion to Compel) WHY the Motion was being made or (it seems unfathomable but is true) to even highlight the IMPORTANCE of the Motion to Movant's DEFENSE, and NOT in regard to his sentencing exposure, as claimed by the government. A claim made, and accepted, by This Court even though the Motions to Compel/Suppress occurred nearly A YEAR PRIOR to Movant's Sentencing Phase! At the time of the Motion to Compel Movant had plead NOT GUILTY and was attempting to prepare for trial.

It is also clear, as the government pointed out in Document # 18, page 22, that the PRE-TRIAL disclosure of the contested evidence (which counsel failed to ask for or inform This Court WHY it was being requested) WOULD have altered the quantum of proof in Movant's favor. The government in Docket # 18, page 13 wrote: "Information which does not counter the government's case or bolster a defense is not materiel 'merely because the government may be able

to use it"; United States v Clingman, 521 F.App'x 386, 392 (Sixth Circuit -2013)(quoting United States v Lykins, 428 F.App'x 621, 624 (Sixth Circuit -2011)(per curiam).  "Rather there must be an indication that pre-trial disclosure of the contested document (or other evidence) would have enabled the defendant to alter the quantum of proof in his favor".

Because Movant's Counsel's Motions FAILED to ensure This Court knew WHY the evidence requested would bolster his defense but instead only provided speculative grounds, the Motion(s) were In-Effective and This Court denied them.  To the government, the In-Effectiveness was easily pointed out.  Movant re-iterated their pointed facts in his Section 2255 Motion yet, This Court took no notice.

D) Ground Three (5)

Here, the government itself is crystal clear when they wrote (Docket #18, page 22) that Movant's Counsel was In-Effective for FAILING to even mention seeking production data concerning the computer software used by Law Enforcement, (to "Track" by "Electronic means" as done in both Jones and Carpenter).

E) Ground Three (6)

On THREE separate occasions the government itself was quick to point out that Movant's Counsel In-Effectively FAILED to make a Motion for a Frank's hearing, (See: Docket # 18, pages 12, 45 and 46).

In it's Order and Opinion, This Court, again parrotting the government's own words, wrote that; "Movant (through his Counsel) failed to meet the high burden of showing he is entitled to a Frank's hearing", (See: Docket # 120, page 9).

The Government thought it important enough to highlight that fact. Movant assuredly ALSO believes it was an error.

How can one know?

The Supreme Court, in Lee, as discussed previously, makes it CLEAR that; "we can NOT accord ANY such presumption (that Movant's Frank's Motion would not have succeeded) to judicial proceedings that never took place". PRIOR to that decision in Lee, those same words were written by your Movant in his Ground Three, Subsection (13).

How can one know?

The Supreme Court, in Lee, as discussed previously, makes it CLEAR that; "we can NOT accord ANY such presumption (that Movant's Frank's Motion would not have succeeded) to judicial proceedings that never took place". PRIOR to that decision in Lee, those same words were written by your Movant in his Ground Three, Subsection (13).

Would the Frank's Motion have succeed? Movant avers it would have, since the SWORN Affidavits which ALLEGED there were certain "files" on Movant's computer, available for download, (or in fact ANYWHERE in his computer or in his possession) can NOT be shown to be true (as the files ARE NOT there). THAT fact COULD have led to a successful Frank's argument as it demonstrates that the allegations made in the Affidavits were, indeed, false. The fact that Movant's counsel failed to even make the argument was highlighted by the government itself. ANY conclusions as to IF such a Motion would have been successful, as it was never made, should, as Justice Robert's wrote in Lee, simply NOT be "accord[ed] any such presumption". By Movant's Counsel's failure to move for a Frank's hearing, we will never know, UNTIL a Full and Fair Evidentiary Hearing can be accomplished to finally establish a clear and factual judicial finding.

F) Ground Three (7)

This Ground highlights the - fact - that Movant's Counsel, in his

"prompt" Motion to Compel (Docket # 26) FAILED to even mention, or attempt to include, Discovery under Fed.R.Crim.P. (12)(b)(3)(B), or even mention Rule 12 at all, either separately or as part of his Motion to Compel. In the Motion to Compel, Movant's Counsel ONLY asked for discovery under Rule 16. Also, Movant's Counsel also did NOT even mention Brady v Maryland, 373 U.S. 83 (1963).

The government, in it's REPLY to Movant's Section 2255 Motion (Docket # 106) wrote (page 8) that Movant's "counsel requested discovery pursuant to Fed.R.Crim.P. 12(b)(3)(B) and ... 12 (b)(4)(B)". That is simply NOT correct. One need only read the Motion to Compel to see that NO MENTION of Rule 12 appears - at all.

Yet, This Court has, somehow, agreed with the government and uses the governments same incorrect assertions, without regard to what the ACTUAL Motion(s) to Compel or Suppress ACTUALLY say.

That fact seems clear.

This Court also failed to comment on Movant's Counsel's additional FAILURES (as highlighted in Movant's Ground Three) to move for discovery under Rule 17 and to include, or preserve, Rule 17 in the Plea Deal, AGAIN, as pointed out, very clearly, by the government itself (Docket # 18, page 30). These key discovery and plea deal FAILURES are the VERY definition of In-Effectiveness and have been found to be the epitome of In-Effective Assistance of Counsel by many Courts both in and out of this Circuit.

Because of the many Failures/Errors and Omissions of Movant's In-Effective Counsel, the Motion(s) for Suppression, Discovery and to Compel failed miserably. Unless there is a Full and Fair Evidentiary hearing, the actual facts may never come to light. An Evidentiary Hearing will be able to determine the FACTS as to WHY the government FAILED to produce the exculpatory

DHS Investigator's Report (Docket # 53-2), which was begun on June 5, 2012 and was never produced for Discovery and, in fact, was NOT COMPLETED until March 26, 2014 ... nearly TWO YEARS after it had been started, FAR TOO LATE for exculpatory use by your Movant.

Movant avers that the reason is - VERY clear.  The government maliciously failed to produce the exculpatory document AND, Movant's counsel FAILED to make Effective Motions to get it, so that Movant would have no opportunity to see or use it - until it was too late, and Movant was already sentenced.

There can be NO doubt that HAD Movant's Counsel made Effective Discovery Motions (instead of his "purely speculative" claims, (See: Docket # 18, page 22)), coupled with FULL use of Brady's requirements, the FACTS concerning the "files" that were ALLEGED TO BE on Movant's computer (which ARE NOT there) would have come to light and the case at bar would have been dismissed the Motion(s) to Compel and/or Suppress would NOT HAVE been "speculative".  The DHS document would have been discovered.  The very document which admitted to "TRACKING" Movant (without Judicial or Statutory authority to do so) which WOULD have, or at least COULD have, altered the quantum of proof in Movant's favor.  (See: Clingman/Lykins quotes previous).

G) Ground Three (8)

This Ground relates to the failure of Movant's Counsel to ensure ALL references to "Distribution" were redacted from the Plea Deal.

This Court (Docket 120, page 10) repeats again, nearly verbatim, what the government wrote on Document # 106, which stipulates the erroneous claim that Movant's Counsel "modified the pleas deal agreement to exclude a statement that 'defendant made numerous files available for others to download'".

Again, that is simply just NOT true or correct.

The actual facts are that it was MOVANT, not his In-Effective Counsel, who expressly required that sentence to be redacted, (See: Docket # 45, Plea Deal

Transcripts, page 6).  Then, AFTER that sentence had been redacted, ALL parties present and participating in the Plea Deal discussions and modicfications (including This Court in Violation of Rule 11) initialed the Plea Deal.  See also: Docket # 59, page 17, lines 1-17 and Document # 60, pages 5-11).

(17)

This Court's Order and Opinion states "the plea agreement contained <u>no</u> <u>other</u> <u>accusation</u> <u>of</u> <u>distribution</u>".  THAT statement, again, is simply, factually NOT CORRECT.  It isn't your Movant who highlights this FACT, it is <u>the</u> <u>government</u> <u>itself</u>.  Movant points to Docket # 18, page 13, where the government gleefully points out that <u>Movant's</u> <u>Counsel</u> <u>FAILED</u> <u>to</u> <u>redact</u> <u>ALL</u> <u>references</u> <u>to</u> <u>"Distribution"</u>.  The goverment then points out that Movant's Counsel FAILED to ALSO ensure the following statement in the Plea Deal was redacted, which reads; "on June 4, 2012, an undercover task force officer in Nebraska downloaded a visual depiction of real minors engaged in sexually explicit conduct from Defendant's computer".

(18)

Even putting aside, for the moment, the FACT that the "file" <u>alleged</u> to have been downloaded from Movant's computer is NOT ON his computer, it becomes very apparent that Movant's Counsel FAILED to Effectively ensure his client's demand that <u>ALL</u> <u>references</u> to "distribution" were removed from the Plea Deal.  It was Counsel's responsibility to effectively and competently protect his client's rights and his ethical and factual requests.

(19)

The FACTS are clear.  BOTH the government <u>and</u> Movant agree that Movant's Counsel failed to <u>effectively</u> redact ALL the references to "Distribution" as clearly instructed to do so by his client.  This Court is, therefore clearly NOT CORRECT in saying that Movant's Counsel was Effective and accomplished

21

removing all references to "Distribution".  ANY other finding is simply NOT in keeping with the FACTS.

(20)

Regarding This Court's comments on Movant's Ground Three claims of In-Effective Assistance of Counsel. there are NUMEROUS Grounds that This Court failed to address, at all.

For Example :

1) Movant's Counsel FAILED to effectively investigate and utilize the FACT - that Law Enforcement VIOLATED 18 U.S.C. 2703 and 2510 by FAILING to acquire the REQUIRED Warrant/Court Order.  These FACTS have never been denied by the government;

2) Counsel FAILED to Effectively investigate and include, or utilize, in Movant's Defense Sentencing Memorandum, the facts regarding Movant's psychological history profile and treatment in Germany; especially the FACT that Movant's year long psychological treatment CLEARLY established that Movant WAS NOT considered a pedophile and DID NOT have pedophilic desires or tendencies.  The Court approved Defense Psychologist's opinion, which was available to This Court, reached THE SAME determination;

3) Counsel FAILED to utilize, in the Sentencing Phase, a Child Abuse expert, whose testimony would have demonstrated the allegations of abuse used by This Court to Enhance Movant's sentence (Patter of Activity), could NOT be shown to be likely or true.  Instead, because of Counsel's In-Effectiveness, the baseless accusations and claims were allowed into evidence, un-contested.  Such experts are readily available and were requested by Movant.  Their testimony would have clearly demonstrated that the so-called 'Recovered Memories', which suddenly manifested themselves, decades after the alleged incident, are woefully un-reliable and factually deficient and, without any ancillary definitions of proof, are most often simply not true;

4) Counsel FAILED to provide a photographic expert analysis which WOULD have factually demonstrated that the claims made by Movant's daughters, as to physical actions they undertook, are, simply physically, impossible. This would have reinforced the "Recovered Memories" expert's testimony that such "memories", memories used used by This Court to add years to Movant's Sentence, were simply and completely NOT true; and,

5) Counsel FAILED to investigate the EASILY provable FACT that Movant's ex-wife's allegations, especially regarding Movant's character as it related to his paying of Child Support - were FACTUALLY - NOT true. This fact would have then rightfully cast doubt regarding ANY other accusations made by Movant's ex-wife, as she would have been shown to be NOT truthful.

(21)

NONE of the Grounds listed above in #20), Grounds which highlight numerous examples of In-Effective Assistance of Counsel were answered or ruled upon by This Court in it's Opinion or Order. Again, these factual Grounds, combined with ALL of the arguments advocated herein, as well as in Movant's Section 2255 Motion and ancillary Motions, beg for a Full and Fair Evidentiary Hearing in order to allow for a complete vetting of the facts and allow for findings of fact.

(22)

This Court also repeated in it's Ground Two (Warrantless Tracking) section, that as it INCORRECTLY found in it's Ground Three section of it's Opinion, Movant's Counsel was NOT In-Effective for failing to raise Movant's Fourth Amendment claim since the Sixth Circuit Court of Appeals "determined this claim is meritless".

THAT finding is NOT correct and NOT what the Sixth Circuit Court of Appeals was ACTUALLY referring to. What This Circuit's Court WAS commenting on was a Fourth Amendment claim regarding "an expectation of privacy in a

citizen's "Public" folder on their computer".

Movant HAS NOT argued or alleged otherwise.

(23)

So, THIS IS NOT what Movant's Section 2255 Ground Two's Fourth Amendment claim is about. It has been, and continues to be, about the NEWLY expanded, clearly established, Fourth Amendment Right (See: Carpenter and Jones) regarding the Right to privacy in one's movements. These rulings preclude the kind of "Warrantless Tracking", for longer than a week, which took place in Movant's case (also taking place WITHOUT a Court Order which had ALREADY been historically, required). Therefore, ANY government claims of "Good Faith" are simply NOT a cognitive argument. (Period)

Surely This Court and the government ARE actually aware of this CLEAR distinction between what Movant has claimed as "Illegal Tracking" versus any discussion of "Public" folders.

(24)

It is clear that Movant DOES have the Right to seek relief of this Newly Established/Expanded Fourth Amendment Right and to demonstrate that his Sixth Amendment Right to Effective Counsel were violated.

**Ground One - Plea not Knowing and Voluntary/Prosecutorial Misconduct**

(1)

This Court's opinion fails to even address one of the MAJOR Grounds in Movant's Section 2255 Motion, Ground Four (2). This Ground stipulates that This Court participated in the Plea Deal negotiations in Violation of Rule 11 of the Fed.R.Crim.P..

(2)

The record is clear that This Court - did - participate in the Plea Deal negotiations. A simple reading of the Transcript of the Plea Deal (Document # 45, page 353-355) make clear several important facts.

24

1) It was Movant, NOT his In-Effective Counsel that attempted to ensure ALL references to "Distribution" were removed.

2) It is clear that This Court interjected and participated in the Plea negotiations, going so far as to INITIAL (and, in Movant's mind, assisting and supervising the request to REMOVE ALL references to "Distribution" from) the Plea Deal. Of course, This Court's interaction contributed to Movant's reasonable belief that his intentions and desire to ensure ALL references to "Distribution" were removed. It would appear very obvious to any Fair reading of the Plea Deal transcript, that it was Movant's clear desire to NOT have any exposure to ANY charge, or enhancement, related to "Distribution". By inserting itself into the process, This Court becomes equally responsible, together with Movant's In-Effective Counsel, in the failure to ensure that Movant's VERY clear intentions regarding "Distribution" were not done, exposing Movant to BOTH the charge AND, at Sentencing, the Enhancement.

(3)

As Movant writes in his Ground Two (2) of his Section 2255 Motion: "It would be incredulous to believe that Movant would demand ONE reference to "Distribution" [be] removed...while allowing another reference that referred to the very same activity" to remain elsewhere in the document. It was CLEAR that Movant DID NOT wish to agree to ANYTHING having to do with "Distribution". Yet, after "helping" with the language needed for the first "Distribution" reference to be redacted, This Court, and Movant's In-Effective Counsel, BOTH allowed the government to use ANOTHER reference, just a paragraph or two later, to then claim that Movant PLEAD GUILTY to "Distribution" (thereby attempting to justify the Sentencing Enhancement) when it was Movant's CLEAR desire NOT to do so.

(4)

Moving now to This Court's Opinion, pages 4-5 where This Court describes

SOME of the interaction between This Court and Movant during Movant's Guilty Plea; again, This Court uses the exact same langauge that the government used in it's REPLY to Movant's Section 2255 Motion (Docket # 106) saying that "Defendant FAILED to respond" to the question regarding whether he had been "Threatened" prior to his Plea. One need only read the transcript to see the truth (Docket # 59, pages 6 - 7) and to get the correct answer.

(5)

Movant DID NOT FAIL to answer...Movant REFUSED to answer as he had the reasonable expectation that his defense counsel would use this opportunity -as had been previously discussed with Movant - to describe the Prosecution's "Threat", again, in Violation of Rule 11. It is NOT that Movant did NOT understand the question or that he failed to answer, instead, he refused to answer. The reason to any Fair evaluation is that he perceived that he was under threat. Movant has 31 years of military service and was an experienced attack helicopter pilot in the U.S. Army Calvary. Movant KNOWS when he is being "Threatened".

Despite his In-Effective Counsel's Non-Sensical response (Document # 59, page 6, lines 12-24), This Court asked for a second time if Movant was FREE of any "Threat" (Document #59, page 7, lines 11-12) Movant STILL did NOT directly answer the question, but UNSURE WHAT HE COULD DO OR SAY, AS THE PERSON WHO THREATENED HIM WAS 10 FEET AWAY, Movant attempted to somehow make This Court understand that he did NOT wish to answer...by saying; "I have sinned". It was ONLY after the THIRD time that This Court asked if the Plea was being entered in a "Knowingly and Voluntary" way, free from "Threat", that Movant, after getting no additional support from his IN-Effective Counsel, reluctantly answered in the affirmative.

(6)

After THAT actual scenario, for This Court to presume that it carries a

"strong presumption of verity" is beyond reasonable comprehension.   This Court's Opinion (Document 120, page 7) cites Blackledge v Allison, 431 U.S. 63, 74 (1977) repeating the "Strong presumption of verity" quote, TWICE.   Yet, with any Fair reading of the Plea Transcripts, one would clearly be able to see that such a "Strong presumption" would be misplaced and unreasonable.

(7)

This Court's Opinion also fails to address the numerous Supreme Court and Sixth Circuit precedent setting cases on the matter.   For example, Marchibrodo v United States, 368 U.S. 487, 493 (1962), quoting Kerchaval v United States, 274 U.S. 220, 223 (1927) which make clear that it is a court's obligation, under Rule 11, to ensure that "out of just consideration...courts are careful that the plea NOT BE ACCEPTED, unless made voluntarily".   Anyone reading the transcript of the Plea proceedings would, as referenced above, see that Movant's Plea was NOT entered "Voluntarily".   Again in McCarthy, the Supreme Court makes it clear that a court is "Constitutionally required (to make a) determination that a defendant's plea is truly voluntary".

(8)

Finally, Movant points out that This Court and the government continue to simply ignore, Movant's claim that the Prosecutor's "Threat", against Movant, to try to have Movant prosecuted (in other areas where he had been "Un-Constitutionally" "TRACKED") by simply stating that it was not a "Threat" but a mere "fact" because the agent who "Tracked" Movant ALLEGED that Movant had "shared child pornography in Nebraska, Missouri, New Jersey and Utah.   If that IS, indeed, a "fact" then WHY, in "fact", are NONE of the "alleged" files demonstrated to be ANYWHERE in Movant's Computer or possession?

(9)

This Court does deem it important to indicate that Movant's Counsel "succeeded in obtaining a Three-Level reduction for acceptance of

responsibility". In accordance with the United States Sentencing Guidelines, Chapter Three, Part E - Acceptance of Responsibility, Movant was ENTITLED to the Three-Level reduction received (despite the government's attempts to have same NOT credited to Movant). His Counsel had little, if any, influence on the matter.

(10)

So, DESPITE the government's NUMEROUS findings of In-Effective Assistance of Counsel, DESPITE This Court's lack of ANY response to the numerous and detailed occurrences of Movant's Counsel's Failures to Investigate, DESPITE This Court's Opinion that Movant's Fourth Amendment Claims (of course, This Court's remarks were concerning a Fourth Amendment argument that Movant WAS NOT making) are "meritless", and DESPITE the clear FACT that Movant's In-Effective Counsel FAILED to, specifically, preserve Movant's Fourth Amendment rights for use in Direct Appeal, This Court continues to ASSUME that the Movant's various Motions would fail, despite the Supreme Court's clear admonishment AGAINST doing so, as made clear in the Lee decision and finding to "NOT accord ANY such presumption to judicial proceedings that NEVER took place...".

### Ground Four - Errors of the District Court

(1)

This Court goes into a significant review of ALL of it's denials of Movant's pre-trial Motions (without a hearing in every occurance) and the Appellate Court's decision to not overrule those decisions. This Court goes on to say (Docket # 120, page 11) that Movant's "Section 2255 Motion may not be used to re-litigate issues already raised on appeal unless there are 'highly exceptional circumstances' (See: Dupont v United States, 76 F.3d 108, 110 (Sixth Circuit - 1996). This Court - TWICE - then states that Movant's Section 2255 Motion and papers do NOT allege any such circumstances. However,

ANY Fair and Full reading of Movant's Section 2255 Motion, his detailed Grounds, his well cited and expansive Memorandum of Law in Support, his REPLY to the government's RESPONSE concerning his Section 2255 Motion, and his Carpenter supplement...would leave no question that Movant HAS claimed such "exceptional" circumstances THROUGHOUT his Motions.

(2)

Movant claims that his Sentence (and conviction) ARE subject to Collateral Attack (See: Stead v United States, 395 F.Supp. 1299 ED Mo - 1975) AND United States v Jalili, 925 F.2d 889, 893 (Sixth Circuit - 1991) BECAUSE the Grounds of his Section 2255 Motion are based on CONSTITUTIONAL violations. Violations including; the Fourth Amendment (Illegal "TRACKING"), Fifth Amendment (Due Process), Sixth Amendment (Effective Assistance of Counsel) are Constitutional violations that infected the "fundamental character to the proceedings that led to [Movant's] conviction and sentence and that those errors(omissions/failures) rendered THE ENTIRE proceedings irregular and Invalid"; See: United States v Stossel, 348 F.3d 1320, 17 FLW Fed C 18 (Eleventh Circuit - 2003) CERT DENIED (2004) 541 U.S. 966, 158 L.Ed.2d 412, 124 S.Ct. 1730. Movant's Section2255 Motion and papers "demonstrat[s] the existence of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea"; See: Brecht v Abrahamson, 507 U.S. 619, 637-38 113 S.Ct. 1710 123 L.Ed.2d 353 (1993).

(3)

A non-prejudicial or un-biased reading of Movant's Section 2255 Motions would easily be able to ascertain that there has been a "fundamental defect which inherently results in a complete miscarriage of justice or, an error(s) so egregious (such as FAILING to preserve for Direct Appeal the CORNERSTONE of the Defense?) that it amounts to a violation of Due Process", Brecht; Watson v United States, 165 F.3d 486, 488 (Sixth Circuit - 1999); United States v

Fergusion, 918 F.2d 627, 630 (Sixth Circuit - 1990); citing Hill v United
States, 368 U.S. 424, 428 7 L.Ed.2d 417, 82 S.Ct. 468 (1962); accord Grant v
United States, 72 F.3d 503, 506 (Sixth Circuit), CERT DENIED, 517 U.S. 1200,
116 S.Ct. 1702, 134 L.Ed.2d 800 (1996).

(4)

NONE of THESE issues were addressed by This Court in it's Opinion denying
Movant's Section 2255 Motion.  ALL of these issues ARE applicable, and
utilized, by Movant in his Section 2255 Motion.  According to United States v
Sobell, 314 F.2d 314 (Second Circuit - 1963) CERT DENIED, 374 U.S. 857, 10
L.Ed.2d 1077 83 S.Ct. 1906, a prisoner should have relief under Section 2255,
if he has shown a significant denial of a Constitutional Right (As clearly
demonstrated in Movant's Section 2255 Motion), EVEN THOUGH he could have
raised the point on [Direct] Appeal, and there was no reason for him not doing
so.  Due to the MANY failures of Movant's Counsel, surmised in Movant's Memo
of Law in Support (page 47), and highlighted by the government NUMEROUS times,
there were many issues and Motions that Movant's Counsel failed to even,
produce or utilize and, the ones he did do, were In-Effective and deficient.

(5)

Finally regarding this section, This Court's Opinion FAILS to even
address the details provided by Movant's Section 2255 Motion regarding the
Sentencing Guidelines used by This Court in Sentencing Movant.  For example,
This Court has no Opinion regarding THE FACT that the Supreme Court, in Gall v
United States, 552 U.S. 38 (2007) found that District and Circuit Courts are
required to apply a "differential abuse of discretion standard of review as to
the Guidelines which are, generally, considered to be the product of careful
study and extensive evidence".

However, it is very clear, and well documented in Movant's Section 2255
Motion and papers that the 2G2.2 Guidelines is "fundamentally different from

OTHER Guidelines BECAUSE the sentencing range IS NOT BASED ON FACT FINDING", and that it is inherently _flawed_. The United States' Sentencing Commission ITSELF has acknowledged that FACT in it's expansive and detailed Report to Congress in 2012.

(6)

It is evident that there are NUMEROUS relevant issues that were NOT ruled upon by This Court in it's Opinion, and that the findings that were made, are not in keeping with the actual, true, and complete facts.

Ground Five - Unconstitutional Indictment

(1)

This Court's Opinion regarding Movant's Ground Five portion of his Section 2255 Motion fails to address many facts already provided by your Movant in his REPLY (Document # 109, pages 71-75). This Court's Opinion, again, repeats the same mantra that the government did in it's RESPONSE to Movant's Section 2255 Motion (Document # 106) by stating that the Supreme Court cases cited by Movant, as the basis for his claim, apply ONLY when "the court must determine whether a conviction qualifies as a predicate violent felony offense under the Armed Career Criminal Act (ACCA). HOWEVER, Movant has found that determination to be blatantly and simply NOT TRUE.

The two Supreme Court cases cited by Movant are; Descamps v United States, 133 S.Ct. 2276 (2013), AND Mathis v United States, 1366 S.Ct. 2243 (2016).

(2)

The government, in it's RESPONSE - FAILED - to refute said cases, with any FACTS or Case Law Precedent to support their position. Therefore, as these claims have not been rebutted, Movant avers that, as referenced earlier in Fontaine, This Court "must accept the truth of the Movant's factual allegations unless they are clearly frivolous...". As the government has not been able to deny Movant's claims in this matter, This Court should rule in Movant's favor.

(3)

Moreover, This Court has incorrectly determined that Descamps and Mathis do not apply. Yet, Movant supplied ELEVEN different court decisions, from THIS Circuit and Circuits around the country (Since Mathis and Descamps were decided), which CLEARLY demonstrate that BOTH cases CAN BE applicable in situations having NOTHING to do with the ACCA - at all (See: Document 109, pages 70-75).

(4)

The REASON Movant's indictment IS Un-Constitutional is because, as found in Mathis, when a conviction is based on a statute that contains MORE than one element that can be violated, in different ways, THAT Statute IS Divisible. As Movant made very clear, the Section 2252(a)(2) Statute he was convicted under has MORE than 20 unique elements with 1,048,575 possible combinations of Offense elements.

(5)

A "divisible" statute is defined as one where TWO (different) individuals can commit the SAME offense - by satisfying DIFFERENT elements, or a distinct sub-section contained within the SAME Statute.

With OVER a MILLION possible combinations of various elements possible, there is NO QUESTION - THAT Statute IS DIVISIBLE!

(6)

Movant's dependence on Descamps is also NOT in error. In Descamps, Justice Kennedy, writing for the majority, wrote that: "the court will NOT rely on a Guilty Plea Allocution, because a defendant may plead carelessly to certain facts (contained within the Statute charged), NOT realizing that the allocution may trigger severe consequences later..." thereby making a defendant's guilty plea NOT, actually, "Knowing" and "Voluntary".

(7)

Movant has asserted, THROUGHOUT his Section 2255 Motion, that for a WIDE

Memorandum of Case Law in Support thereof, ALL relate to Un-Constitutional behavior and failings which, as very clearly documented, resulted in "substantial and injurious effects or influence on the guilty plea"; See Humphress v United States, 398 F.3d 855 (6th Circuit - 2005). The fact that Movant's In-Effective Counsel's failure to, specifically, preserve, for Direct Appeal, the Fourth Amendment violations that occurred, in a case that, from the beginning, CLEARLY revolved around the Fourth Amendment is an Obvious and in-excusable example of Movant's Counsel being In-Effective. (Movant, AGAIN, asserts his Counsel specifically told Movant that his Fourth Amendment rights for Direct Appeal WOULD be preserved).

(2)

However, Movant's Counsel DID manage to ensure that Movant's Motion to Compel and Motion to Suppress (BOTH denied - without a hearing) WERE preserved for Direct Appeal. BOTH of these Motions are clearly concerning evidence that was alleged to have been accumulated - during the, un-contested, Un-Constitutional "TRACKING", without a Warrant (or Court Order). THIS Court, and the government (it seems difficult to determine where one ends and the other begins, as This Court's Order and Opinion quotes, verbatim, many of the government's - exact wording), BOTH do not dispute that FACT.

(3)

Let it be made clear. Movant asserts, claims, and has Moved for and Evidentiary hearing to PROVE that his Constitutional Fourth Amendment Right to the reasonable expectation of privacy in his movements, without a Warrant, HAS been violated. Movant's Counsel's FAILURE to, effectively and expressly, preserve the Fourth Amendment for Movant's Direct Appeal (again, in a case that REVOLVED around the Fourth Amendment - from Movant's Bond hearing till now) is the very definition of being, In-Effective and a clear Violation of Movant's Sixth Amendment right to - Effective Counsel.

34

(4)

Despite this fact, BOTH the government and This Court continue to claim that - Movant has no right to even seek relief (although BOTH This Court and the Government continue to, mistakenly, argue concerning "Public" folders and their privacy while NOT EVEN addressing Movant's ACTUAL Fourth Amendment claim concerning Law Enforcement's Un-Constitutional "Electronic Tracking"), the FACTS and Case Law Precedent indicate the - exact - opposit.

For example, Movant points to; United States v Haymen, 342 U.S. 205, 97 L.Ed. 232, 732 S.Ct. 263 (1952) which established precedent that, in fact; "28 U.S.C. § 2255 created a remedy by which violations of Constitutional Rights (such as Movant has, clearly asserted in his Section 2255 Motion) ... the (Section 2255) Statute provides the EXCLUSIVE remedy for such defects"; See Also: United States v Morgan, 346 U.S. 502, 98 L.Ed. 248, 74 S.Ct. 247, where the Supreme Court wrote; "Nowhere in the history of Section 2255 (Motions) do we find ANY purpose to impinge upon a prisoner's rights [to] a Collateral Attack upon their convictions" (quoting Haymen).

(5)

Movant has asserted that his Section 2255 Motion "demonstrates the existence of error(s) of Constitutional magnitude which has [had] a substantial and injurious effect or influence (such as; the In-Effective Counsel's abject FAILURE to, expressly, protect the Fourth Amendment issues) on the guilty plea", exactly as found in; Brecht v Abrahamson, 507 U.S. 619, 637-38 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

(6)

Furthermore, the allegation that Movant did not raise a Fourth Amendment Constitutional violation in his Direct Appeal is BOTH - NOT correct and NOT the point.  This Court, and the government, consistently continue to say that Movant's Fourth Amendment claim(s) would "'fail on the merits'" because

35

individuals do not have a reasonable expectation of privacy <u>in</u> 'Shared' <u>folders</u> on their computers". Movant's Fourth Amendment claim has <u>nothing</u> to do with - 'Shared' Folders. NOTHING at all.

(7)

This Court, again, in its Order Denying Movant's Section 2255 Motion (page 6), continues the same <u>immaterial</u> mantra which FAILS to address the underlying issue that Movant's Fourth Amendment claims ARE ACTUALLY concerning.

(8)

Therefore, <u>to be as clear as possible</u>, Movant's Fourth Amendment Violation Claim(s) have NOTHING to do with privacy in a Shared 'Public' Folder (Period). They DO, however, relate to the reasonable <u>expectation of privacy in his movements and/or Geo-Location</u>, as CLEARLY described and detailed in <u>Carpenter</u>, <u>Jones</u>, <u>Kyllo</u> and <u>Katz</u>. However, as This Court and the government CONTINUE to discuss Movant's 'Public' Folder, it is important to remember the FACT that <u>not one</u> of the files <u>alleged</u> in the Affidavit for Search Warrant (for Movant's Hotel room, the location of which was determined through the Un-Constitutional "Electronic Tracking" conducted by Law Enforcement) <u>were</u>, <u>actually</u>, <u>found in Movant's</u> '<u>Public</u>' <u>Folder</u> or ANYWHERE in his computer or possession. Those FACTS continue to be ignored by the government, and This Court.

(9)

This Court continued that, inapplicable, mantra in its Opinion (page 7) where This Court wrote that Movant's "arguments also 'fail on the merits' because Defendant has not provided any plausible basis for concluding that the affidavit (for search Movant's hotel room) contained any false statements". REALLY?

(10)

Does not the FACT that Movant has demonstrated that <u>NOT ONE</u> of those files, alleged in same affidavit This Court is referencing above, <u>are on his computer</u> or <u>anywhere</u> in his property or possessions indicate that those <u>sworn</u> statements made in the Affidavit(s) are, indeed, FALSE? In reality, Movant has <u>not only</u> provided a "plausible basis for demonstrating the affidavit contained false statements" but the <u>evidence</u> itself - <u>proves the point</u>.

(11)

IF the government or This Court believe these facts to be in error, Movant <u>welcomes</u> an Evidentiary Hearing to allow for a Fair, Full and Impartial court to, <u>finally</u>, make an <u>actual</u> determination of fact. Sixth Circuit Precedent establishes that a disagreement concerning the facts of the case, as CLEARLY exists in Movant's Case. is one of the <u>main</u> tenants clearly established in This Circuits Case Law that would <u>require</u> such an Evidentiary Hearing. In <u>Smith v United States</u>, 348 F.3d 545, 550 (Sixth Circuit - 2003), that court made it clear that; "A prisoner who files a Motion, under Section 2255, challenging a Federal conviction IS <u>entitled</u> to a prompt hearing at which time the District court is [to] determine the issues and <u>make findings and conclusions of law</u>...". This is, unquestionably, a disagreement concerning the facts - in Movant's Case.

(12)

Although Movant has provided detailed and well documented Grounds, supported by an <u>overwhelming</u> amount of relevant and targeted Case Law Precedent, the bar for entitlement to an Evidentiary Hearing is, according to THIS Circuit, relatively low. The court in <u>Turner v United States</u>, 183 F.3d 474, 477 (Sixth Circuit - 1999) wrote that; "A Section 2255 petitioner's burden 'for establishing an entitlement to an Evidentiary Hearing is RELATIVELY LIGHT'".

(13)

The Supreme Court itself made the need for an Evidentiary Hearing, in cases such as the case at bar, in Haymen (at 263) where the Supreme Court found that: "Upon a prisoner's Motion under Section 2255 to Vacate his Sentence on the Grounds that he did not enjoy the effectiveness of counsel (exactly what Movant has claimed) ... [the] sentencing court should NOT make any findings of fact relating to the prisoner's knowledge, without notice to the prisoner and without his being present (obviously, at the Evidentiary Hearing) ... ", ID at 263.

(14)

Despite the aforementioned however, the government, and This Court, continue to incorrectly repeat that Movant's Fourth Amendment Constitutional Violations are NOT subject to Collateral Review. That is, clearly, not correct. That is NOT Movant's opinion, but is instead, clearly established precedence in the voluminous Case Law already made available to This Court IN Movant's Section 2255 Motion and Memorandum of Case Law in Support, which make the point, unambiguous and without question. For example, in; Haymen, Morgan, Brecht, Humphress and Kaufman, it is made unequivocally clear that a Section 2255 Motion, is EXACTLY the venue which IS designed for [such] Constitutional Violations to be raised.

(15)

In the government's RESPONSE to Movant's Section 2255 Motion, and in This Court's Order, BOTH try to claim that Movant's Fourth Amendment GROUNDS (in his Section 2255 Motion), "would have been a useless course of action because no Statutory or Constitutional Violation occurred". (See: Document #106, page 10).

THAT is simply, again, NOT correct.

(16)

As demonstrated once again, herein, in Movant's Case, there were

Supreme Court's Carpenter ruling) to file within a year of the Supreme Court's decision recognizing that [new] right...'". The court went on to hammer the point by finding that: "2255(f)(3) is as easy to apply and is independent of the merits as the other subsections of the limitation period".

(19)

Therefore, as in Movant's Case, Carpenter ALLOWS for such a Collateral Attack since it IS a monumental Constitutional ruling the defines the Law, in relation to the Fourth Amendment claims, such as Movant's, in a NEW way. It is important to remember that Movant HAD, PRIOR to the Carpenter decision having been made and/or published on LEXIS, already cited Carpenter in his Section 2255 RESPONSE to the Government's RESPONSE to his Section 2255 Motion.

(20)

Now, that it is established that Movant DOES, indeed, have the Right to Seek Relief for Violation(s) of his Fourth Amendment Rights, not only because of his Counsel's clear In-Effectiveness (in violation of Movant's Sixth Amendment Rights) and failure to conduct a competent of Effective Fourth Amendment Rights defense (as highlighted by the government itself THROUGHOUT their REPLY to Movant's Direct Appeal (Docket # 18, Appellate Case #14-302) and in Movant's Section 2255 Motion, but also because of Movant's Motions to Compel and Suppress which WERE preserved for Appeal, clearly established his Fourth Amendment claim.

The undersigned Declares, under penalty of perjury, and in accordance with 28 U.S.C. § 1746, that the foregoing to be True and Correct, to the best of the undersigned's knowledge.

EXECUTED, respectfully submitted, and signed, this __ day of September, 2018.

Joseph J. Pirosko III
Reg. No. 58089-060
FCI Ft. Dix
P.O. Box 2000
Joint Base MDL, NJ 08640-5433

40