UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:12CR327 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH PIROSKO, | ) | OPINION AND ORDER |
| | ) | (Filed Under Seal)[1] |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Defendant makes two requests for this Court's consideration. In the first, Defendant asks the Court to alter or amend its judgment that denied Defendant relief under 28 U.S.C. § 2255. (Doc. 126). In the second, Defendant asks the Court to reduce his sentence due to extraordinary and compelling reasons. (Docs. 129 & 131). The Government opposes both requests. (Docs. 127 & 132).

For the reasons that follow, the Court **DENIES** Defendant's Motions.

**I. BACKGROUND FACTS**

On July 2, 2012, a Grand Jury indicted Defendant on one count of Receipt and Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, a violation of 18 U.S.C. § 2252(a)(2); and one count of Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B). Defendant pleaded guilty and the Court sentenced Defendant to 240 months incarceration, followed by 20 years of Supervised Release.

---

[1] In Defendant's Reply, Defendant requests the Court not discuss the details of his conviction on the Public Docket for safety concerns while imprisoned. The Court honors that request and seals this Order.

Defendant appealed and the Sixth Circuit affirmed this Court. He then moved to vacate the conviction under § 2255, which the Court denied. Later, Defendant asked the Court to alter or amend its decision denying his Motion to Vacate, (Doc. 126), which the Government opposed. This Motion to Amend is presently before the Court.

Meanwhile, Defendant, acting pro se, moved for a sentence reduction. (Doc. 129). The Court appointed counsel under the District's General Order and counsel supplemented on February 11, 2020. (Doc. 131). The Government opposed Defendant's request for a sentence reduction and defense counsel filed a Reply.

## II. LAW & ANALYSIS

**A.     Motion to Alter or Amend Judgment**

On September 21, 2018, Defendant filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's decision to deny his Motion to Vacate. (Doc. 126). The Government opposed Defendant's motion because i) it relitigated Defendant's Motion to Vacate (which is improper under Rule 59(e)) and ii) the Supreme Court's decision in *Carpenter v. United States*, 138 S. Ct. 2206 (2018) did not impact Defendant's case. (Doc. 127). Defendant replied shortly thereafter in support of his Motion to Alter and in opposition to the Government's claims. (Doc. 128).

The Court stayed a decision on the matter until after the Supreme Court decided *Banister v. Davis*, 140 S. Ct. 1698 (2020). The threshold issue in *Banister* was whether a motion brought under Rule 59(e) to alter or amend a habeas court's judgment qualifies as a successive petition. *Banister*, 140 S. Ct. at 1702. The *Banister* Court held that it does not and that district courts can rule on a properly filed motion under Rule 59(e). *Id.*

However, Defendant did not properly file his Motion. Litigants have 28 days from entry of the contested judgment to file a motion to alter or amend, without the possibility of an extension. *Id.* at 1703 (citing Fed. R. Civ. Pro. 6(b)(2), which prohibits extensions to Rule 59(e)'s deadline).

Here, Defendant filed his Motion 67 days after the judgment he contests. This is clearly outside the 28-day window. And Defendant's original Rule 59(e) Motion cannot save his untimely Motion. The Court originally denied Defendant's first Motion for failing to comply with Court rules without requesting leave to do so. Not only is his current Motion untimely, it fails for a similar page-length violation.

Accordingly, because Defendant did not properly file his Rule 59(e) Motion, the Court denies his request.

**B.** **Motion for Sentence Reduction**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, colloquially known as "compassionate release." *Id.* at § 3582(c)(1)(A).

Before requesting a reduction, a defendant must exhaust his administrative remedies. *Id.*; *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). The Government does not contest that Defendant exhausted his administrative remedies. (*See generally*, Doc. 132).

After a defendant exhausts his administrative remedies, he may ask the court for compassionate release. A district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is

consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[2]

However, the Sixth Circuit recently determined that, when an imprisoned person files his own request for sentence reduction, there is no applicable policy statement. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). That is because the once-applicable policy statement— U.S.S.G. § 1B1.13—was rendered 'inapplicable' by the passage of the First Step Act and the Sentencing Commission's subsequent failure to update the policy statement. *Id.* at 1109-11. Therefore, federal courts may forgo consulting the policy statement and define 'extraordinary and compelling reasons' on their own. *Id.* at 1111.

After *Jones* then, district courts must: 1) "find" that extraordinary and compelling reasons support a reduction; and 2) "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* at 1101 (citing 18 U.S.C. § 3582(c)(1)(A)). Regarding the first finding, "district courts have discretion to define 'extraordinary and compelling' on their own initiative," *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021), but a defendant's rehabilitation alone is not enough. 28 U.S.C. § 994(t). And when it comes to the second consideration, a district court is "obligate[d] to provide reasons" for its decision, especially when the original sentencing judge and the compassionate release judge are different persons. *Jones*, 980 F.3d at 1112-13. Importantly however, "district courts may deny compassionate-release motions when any of the three perquisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

---

[2] There is a second scenario that entitles a defendant to relief based on his age, but that section is not applicable to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

Ultimately, "[t]he defendant has the burden to show that he is entitled to a sentence reduction" under § 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Assuming an extraordinary and compelling reason exists for a sentence reduction, the Court holds that the § 3553(a) factors do not weigh in Defendant's favor.  The Court is encouraged by Defendant's behavior while incarcerated.  But good behavior (which is expected) does not justify a 134-month reduction in sentence.  Defendant's crimes were serious.  His behavior leading up to his crimes was not only dangerous but a contributing factor to the proliferation of the child-pornography market.  After a previous arrest in Germany, Defendant had a chance to change his behavior.  Yet he did not.  Instead, he continued to participate in activities that hurt children.  And while Defendant is older and the COVID-19 pandemic is undoubtedly serious, current advancements in both treatments and vaccinations mitigate whatever risk Defendant faces.

For these reasons and more, a sentence of time served (roughly 106 months) does not accomplish the goals of just punishment, deterrence, protection of the public and Defendant's rehabilitation.

### III. CONCLUSION

Both of Defendant's outstanding Motions fail for the reasons highlighted above. Therefore, the Court **DENIES** both outstanding Motions.  (Docs. 126, 129 & 131).

**IT IS SO ORDERED.**

                          s/ Christopher A. Boyko
                          **CHRISTOPHER A. BOYKO**
                          **Senior United States District Judge**

**Dated: April 13, 2021**